993 F.2d 887
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elizabeth WARNE, Plaintiff-Appellant,
v.
Frank S. ZOLIN, Defendant-Appellee.
 No. 90-55916.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 24, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Elizabeth Warne appeals pro se the district court's dismissal of her 42 U.S.C. § 1983 action against Frank Zolin, a California superior court clerk, for failure to state a claim. Warne contends that her state court pleadings were filed late because of Zolin's failure to supervise his employees. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." Mullis v. United States Bankruptcy Court for Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir.1987), cert. denied, 486 U.S. 1040 (1988). Moreover, a mistake or act in excess of jurisdiction does not abrogate such immunity even if it results in " 'grave procedural errors.' " Id. 828 F.2d at 1390 (quoting Stump v. Sparkman, 435 U.S. 349, 359 (1978)).
 
 
 4
 Here, Warne's allegation that her pleading papers were lost as a result of Zolin's failure to supervise his employees does not pierce the immunity shield. Accordingly, the district court properly dismissed her action for failure to state a claim. See Mullis, 828 F.2d at 1390.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny appellee Zolin's request for sanctions